PER CURIAM.
This case is before this Court for the third time on appeal. The original appeal *225 decided the issue of breach of fiduciary duty by co-trustees, Birmingham Trust National Bank (BTNB) and John C. Henley, III, of the Linn-Henley Charitable Trust, holding that both co-trustees had breached their duty. This Court remanded with instructions to appoint a temporary trustee for the new trial, and to limit the determination and award of expenses against the Trust “to those reasonably and necessarily incurred by the Temporary Trustee and his attorney.” Henley v. Birmingham Trust National Bank, 295 Ala. 38, 322 So.2d 688 (1975). Thereafter, the individual co-trustee, John Henley, injected himself into the second trial by filing an “Amended Supplemental Complaint” against BTNB, over BTNB’s strong objection. After that trial Henley petitioned for his attorneys’ fees and expenses to be assessed against BTNB. Henley’s petition was denied and all fees and expenses were assessed against the Trust. On the second appeal, BTNB challenged the award of fees and expenses to Henley’s counsel, relying upon the above quoted language from the first appeal.
On the second appeal, Birmingham Trust National Bank v. Henley, 371 So.2d 883 (Ala.1979), this Court stated:
The attorney general and Henley appealed that part of the decree awarding attorneys’ fees from the Trust. They argue that those fees should be paid by BTNB and urge that the court erred in taxing them as costs against the Trust. They contend that the decree is in all other respects without error, except that Henley questions the amount of the award in fees to attorneys for the temporary trustee and for the services of the temporary trustee himself. BTNB asserts that the court properly taxed costs and attorneys’ fees against the Trust, but also questions the amount of attorneys’ fees awarded to various parties.
The trial court correctly held that such costs and attorneys’ fees as are awarda-ble may, under our law, be taxed against the Trust. Code 1975, § 34-3-60.
In Zimmerman v. First National Bank of Birmingham, 348 So.2d 1359, 1367 (Ala.1977), we addressed this issue and stated the rule as follows:
“According to a well-established line of cases,
“ ‘[s]ection 63, Title 46, Code, is largely an enactment of the ancient principle of equitable origin, and there enforceable, which was referred to as costs between solicitor and client and said statute makes it apply at law as well as in equity when justified. That principle is that a complainant in equity, who at his own expense has maintained a successful suit for the preservation, protection or increase of a common fund or of common property, or who has created at his own expense or brought into court a fund in which others may share, may have paid to him, or sometimes directly to his attorney, an attorney’s fee for such services.’
“Penney v. Pritchard & McCall, 255 Ala. 13, 17, 49 So.2d 782 (1950)....”
Therefore, that part of the decree taxing attorneys’ fees against the Trust, and made the basis of Henley and the attorney general’s cross-appeal, is AFFIRMED.
Because we reverse the trial court’s decree with regard to issues delineated in Sections II, III and IV herein, we must remand the attorneys’ fee issue for reconsideration by the trial court in light of this opinion. It should determine the time spent and the contribution made by whom in connection with the issue in Section I (the appraisal issue) and fix attorneys’ fees accordingly.
After remand of the second appeal of this case, the trial judge awarded counsel fees to Henley’s attorneys and expenses incurred by Henley during this litigation, and ordered that they be paid by the Linn-Henly Trust. The issue, then, is whether Henley, in his capacity as co-trustee, is entitled to the award of fees, and expenses to be assessed against the Trust. We hold that the trial judge correctly applied this Court’s judgment in the second appeal, and, his decree is due to be affirmed. The trial *226 judge found that Henley retained separate counsel in good faith and in order to protect the Trust’s interest. The Trust indenture provides that an individual trustee may employ counsel for these purposes. We opine that Henley’s employing separate counsel was done in good faith, and for the protection of the Trust’s interest.
AFFIRMED.
FAULKNER, ALMON, SHORES, EM-BRY and ADAMS, JJ., concur.